```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x

BANVILLE & JONES WINE MERCHANTS, INC.,    :

                Plaintiff,                :    10 Civ. 1837 (LMM)

           - v -                          :    MEMORANDUM AND ORDER

LA CASA DEL REY S.A. and                  :
BUENA CEPA WINES, LLC,
                                          :
                Defendants.
                                          :
-----------------------------------------x
```

McKENNA, D.J.,

1.

This action was filed in the New York Supreme Court, New York County on or about October 27, 2009.

The summons and complaint were served on defendant Buena Cepa Wines, LLC ("Buena Cepa") on or about November 7, 2009. On or about March 1, 2010, plaintiff and defendant La Casa del Rey, S.A. ("La Casa") entered into a written stipulation pursuant to which counsel for La Casa agreed to accept service of the summons and complaint on March 1, 2010.

On or about March 9, 2010, La Casa filed a notice of removal, pursuant to 28 U.S.C. § 1446, asserting that plaintiff is a citizen of Delaware and New York, Buena Cepa of Florida, and La Casa of Argentina. Buena Cepa has consented to removal.

On or about March 29, 2010, plaintiff moved for remand, claiming that the notice of removal was untimely because the 30-day

period set by 28 U.S.C. § 1446(b), within which a notice of removal must be filed, began to run with the November 7, 2009 service on Buena Cepa.[1]

2.

In the first place, it is clear that the 30-day period must be measured from service, "not by mere receipt of the complaint unattended by any formal service." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999).

The parties, in an apparent absence of binding authority, have cited district court cases and decisions of circuits other than the Second, some of which support a rule which would run the 30-day period of 28 U.S.C. § 1446(b) for all defendants from the date of service of the first served defendant, <u>see</u>, <u>e.g.</u>, <u>Yang v. ELRAC, Inc.</u>, No. 03 Civ. 9224, 2004 WL 235208, at *1 (S.D.N.Y. Feb. 6, 2004), and some of which support a rule which would run the 30-day period for each defendant from the date that defendant was

---

[1] <u>See</u> Notice of Removal, Ex. C. In its Reply Memorandum, plaintiff suggests that a rule that measures the 28 U.S.C. § 1446(b) 30-day period from the date upon which the first served defendant was served is preferable as "the only rule that is consistent with the unanimity requirement." (Pl. Reply Mem. at 7.) Plaintiff argues that Buena Cepa waived its right to remove because it consented to the jurisdiction of the state court by filing an answer in the state court. (<u>Id.</u>) Apart from the fact that this argument is made for the first time in a reply brief, no authority is given for the proposition that Buena Cepa consented to the state court's jurisdiction by filing an answer (in which, indeed, it alleged that the state court did not have in personam jurisdiction over Buena Cepa.) (Answer ¶ Fourth, Notice of Removal, Ex. D.) The argument is not persuasive.

served, see, e.g., Varela v. Flintlock Constr. Inc., 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001).

The Court finds the latter line of cases the most persuasive, for the reasons set forth in Varela, so that La Casa's March 9, 2010 Notice of Removal -- La Casa having been served on March 1, 2010 -- is timely.  Accordingly, plaintiff's motion for remand is denied.[2]

Dated: April 26, 2010

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.

---

[2] The parties are to complete all discovery not later than December 31, 2010 (or such other date to which they may agree in writing or that may be granted for good cause shown).  Any dispositive motions are to be filed not later than 30 days after the completion of discovery.  The parties are to submit a joint proposed pretrial order within 30 days of the completion of discovery or decision of any dispositive motion(s), whichever is later.

3